UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| OLGA ALEMAN, ) | Case No.  6:13-bk-00650-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |

**MEMORANDUM OPINION SUSTAINING THE HOUSING AUTHORITY'S OBJECTION AND GRANTING RELIEF FROM THE AUTOMATIC STAY**

  The Orlando Housing Authority (the "Housing Authority") filed a Motion for Relief from Automatic Stay under § 362(d) to evict the debtor from her subsidized apartment for failure to pay rent.[1]  The Debtor, Olga Aleman, claims she is entitled to stay in her apartment because her Chapter 7 discharge effectively cures her prepetition default.  She also claims any further attempts to evict her would constitute discrimination under § 525 of the Bankruptcy Code.[2]  Because a discharge does not cure a prepetition residential lease default and because the Housing Authority is not attempting to evict the Debtor *solely* because she occupies a subsidized apartment, the Court will grant the Housing Authority's motion for relief from the automatic stay, provided the Debtor does not cure all pre-petition defaults on or before April 30, 2013.

  The Housing Authority is the owner of a public housing development in Orlando, Florida. The Debtor occupies a unit in the development (the "Premises") pursuant to a lease agreement dated September 28, 2011, which requires the Debtor to pay monthly rent of $104.[3]  The Debtor failed to pay rent as required, and the Housing Authority filed a state court action to obtain possession of the

---

[1] Doc. No. 15.
[2] All references to the Bankruptcy Code refer to 11 U.S.C. § 101 *et seq.*
[3] Doc. No. 15, Exhibit A.

Premises.[4]  On August 21, 2012, before any eviction was ordered, the Housing Authority and the Debtor entered into a joint stipulation by which, in addition to her regular monthly rent payment, the Debtor agreed to make a $75 payment each month to the Housing Authority until the Authority's $900 legal fee incurred in connection with the state court action was paid in full.[5]

The Debtor thereafter failed to pay rent or to make the $75 payments.  On January 16, 2013, the Housing Authority obtained a final eviction judgment granting possession of the Debtor's unit and awarding $413 in past due rent and $900 for costs and legal fees incurred by the Housing Authority.[6]  The Debtor filed this Chapter 7 bankruptcy case two days later on January 18, 2013.

Because the state court did not issue a writ of possession, under § 362(l), the Debtor retains the right to possession if she can assume and cure all defaults arising under her residential lease within 60 days of filing bankruptcy.[7]  If a debtor fails to assume or reject an unexpired lease within 60 days, the lease is deemed rejected, it is no longer a part of the bankruptcy estate, "and the debtor is left with the rights and remedies provided under non-bankruptcy law."[8]

In this case, the Debtor has indicated her intention to "cure" within the 60-day expiration period by affirming she has satisfied the three requirements under § 362(l):

1. The Orlando Housing Authority has a judgment against the debtor for possession of debtor's residence,
2. Under applicable nonbankruptcy law, there are circumstances under which the Debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and
3. The Debtor has deposited with the court any rent that would become due during the 30-day period after the filing of the petition.[9]

The Debtor argues that she may "cure" her prepetition default by obtaining a Chapter 7 discharge, and upon such cure, § 525(a) prohibits the Housing Authority from evicting her for failure to pay

---

[4] Doc. No. 15 Exhibit B.
[5] Doc. No. 15, Exhibit A at § 7-10.
[6] Doc. No. 15, Exhibit B.
[7] 11 U.S.C. § 365(b); *In re Tyler*, 2004 WL 3199340 (Bankr. S.D. Fla. Oct. 26, 2004).
[8] *In re Hobbs*, 221 B.R. 892, 894 (Bankr. M.D. Bankr. 1997) (referencing 11 U.S.C. § 365(d)(1)).
[9] 11 U.S.C. § 362(l)(1)(A).

prepetition rent.[10]  The Housing Authority objects to the Debtor's proposal to treat her discharge as a cure because it is unsupported by law, and because § 362(b)(22) should prevail to enable the Housing Authority to complete the eviction process and recover the Premises.[11]

The Debtor's argument is unsupported.  First, the Debtor confuses the concepts of cure and discharge.  "A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation.  However, such discharge extinguishes only 'the personal liability of the debtor.'"[12]  A discharge does not cure a prepetition default, nor does it limit a creditor's *in rem* property rights resulting from a default.[13]  "Accordingly, the Debtor's depiction of her discharge as 'cure' is an inaccurate statement of the law."[14]

Second, without a proper cure, the Debtor has not complied with all the requirements of the Code to maintain possession of the Premises. Sections 362(l) and 362(b)(22) of the Bankruptcy Code must be read together to understand the rights and responsibilities of landlords and tenants who have filed for bankruptcy.[15]  Section 362(b)(22) provides that, unless the Debtor has complied with all the requirements in § 362(l), the filing of a bankruptcy *does not* operate as a stay of a residential eviction action in which a lessor has obtained a judgment for possession prior to the date

---

[10] Doc. No. 20 at §23-26.
[11] Doc. No. 16.
[12] *Johnson v. Home State Bank*, 50 U.S. 78, 82-83 (1991).
[13] *Id.*
[14] Case No. 6:12-bk-15055-ABB, Doc. 25 at 3, Order Granting Motion for Relief from Stay (citing *Johnson v. Home State Bank*, 50 U.S. 78, 82-83 (1991)).
[15] Section 362(l) reads in full:
**(1)** Except as otherwise provided in this subsection, subsection (b) (22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that--
> **(A)** under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and
> **(B)** the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.
**(2)** If, within the 30-day period after the filing of the bankruptcy petition, the debtor (or an adult dependent of the debtor) complies with paragraph (1) and files with the court and serves upon the lessor a further certification under penalty of perjury that the debtor (or an adult dependent of the debtor) has cured, under nonbankruptcy law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment under which possession is sought by the lessor, subsection (b)(22) shall not apply, unless ordered to apply by the court under paragraph (3).
**(3)(A)** If the lessor files an objection to any certification filed by the debtor under paragraph (1) or (2), and serves such objection upon the debtor, the court shall hold a hearing within 10 days after the filing and service of such objection to determine if the certification filed by the debtor under paragraph (1) or (2) is true.

a debtor has filed a bankruptcy petition.[16] In other words, to be entitled to the automatic stay, non-bankruptcy law must allow a debtor to cure her entire monetary default, and a debtor must also deposit any rent that would come due within 30 days of filing for bankruptcy.  Because the Debtor is not entitled to cure her pre-petition default by simply obtaining a Chapter 7 discharge, she is not entitled to automatic stay protection, and the Housing Authority may obtain possession of the Premises. The Court however notes the Debtor timely declared her intention to cure, albeit improperly relying on her discharge, and accordingly will extend the time the Debtor has to cure any pre-petition default for a short time to April 30, 2013.

Third, the continuation of the Housing Authority's eviction process is not a violation of § 525. Section 525(a) provides that a governmental unit, such as the Orlando Housing Authority,[17] may not discriminate against a debtor simply because he or she is, or has been, a debtor in bankruptcy.  The Court addressed a very similar issue in the case of *In re Hobbs* in which the debtor also was a tenant in a Housing Authority development.[18]  The debtor claimed that the eviction violated § 525, but the Court held that only an eviction that deprives a debtor of the *right to participate* in the public housing program in the future is a violation of § 525.[19]  This provision protects a person's right to participate in public housing programs free from discrimination based solely on discharged debt,[20] and it is separate and distinct from the right that a government or quasi-government organization has to enforce its lease to insure all tenants pay rent timely.[21]  A public housing authority simply attempting to enforce its lease as it would against any other tenant is not

---

[16] 11 U.S.C. § 362(a)(3) otherwise provides that the filing of a bankruptcy petition operates as a stay "against any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

[17] 11 U.S.C. § 101(27) (a "governmental unit" includes "United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government."). *See also In re Stoltz*, 315 F.3d 80, 88 (2d Cir. 2002) (noting "[i]t is undisputed that a public housing authority is a governmental unit within the meaning of 525(a).") (citing *In re Robinson,* 169 B.R. 171, 176 (N.D. Ill. 1994) and *In re Szymecki,* 87 B.R. 14, 16 (Bankr. W.D. Pa.1988)).

[18] *In re Hobbs*, 221 B.R. at 895.

[19] *Id.* at 895-96 (noting "If the public housing authority sought to preclude the debtor from participating in the public housing program because the debtor had filed a bankruptcy petition, then Section 525(a) would be implicated.").

discriminating against a debtor *solely* because she participated in the bankruptcy process.[22] "Section 525(a) does not require the public housing authority to forestall eviction proceedings merely because a bankruptcy action is filed by the tenant, assuming the authority obtains permission to modify the automatic stay."[23]

The Housing Authority's eviction process is not a violation of § 525's anti-discrimination provision, notwithstanding the Debtor's reliance on authority from the Second Circuit Court of Appeals holding to the contrary.[24] The Code's purpose in protecting against discrimination is to protect a debtor's means of earning a living;[25] it is not intended to relieve debtors from government regulations, basic contractual obligations, or otherwise grant greater rights than persons would enjoy outside of bankruptcy.[26] Moreover, the Housing Authority does not seek to evict the Debtor based on her status as a debtor. To the contrary, the Housing Authority wants to treat the Debtor in exactly the same way it treats every other defaulting tenant. The Housing Authority has a long waiting list, and the Debtor is welcome to reapply for housing without fear of discrimination based on her discharge of prepetition debt under the lease.

The Debtor's alternative request that the Court waive the requirement to cure the entire prepetition debt is noted,[27] but denied. A debtor's degree of hardship is irrelevant to whether a

---

[20] *In re Hobbs*, 221 B.R. 892, 894 (Bankr. M.D. Bankr. 1997).
[21] *Id.* (citing *In re Bacon*, 212 B.R. 66 (Bankr. E.D. Penn. 1997).
[22] *See Laracuente v. Chase Manhattan Bank*, 891 F.2d 17 (1st Cir. 1989) (holding that to establish cause of action under § 525, a debtor must demonstrate discrimination *solely* because the debtor sought bankruptcy protection); *Matter of Spaulding*, 116 B.R. 567 (Bankr. S.D. Ohio 1991) (same); *In re Helms*, 46 B.R. 150 (Bankr. E.D. Mo. 1985) (same).
[23] *In re Hobbs*, 221 B.R. at 895 (citing *In re Bacon*, 212 B.R. 66 (Bankr. E.D. Penn. 1997)).
[24] *See In re Stoltz,* 315 F.3d 80 (2d Cir. 2002) (holding that because § 525 is more specific than § 365, § 525(a) eliminates the need for a public housing debtor to cure a prepetition default as a condition to rendering the stay exception in § 362(b)(22) inapplicable and remaining in possession of a public housing premises).
[25] *In re Elsinore Shore Associates*, 66 B.R. 708 (Bankr. D. N.J. 1986).
[26] *In re Professional Sales Corp*., 56 B.R. 753 (N.D. Ill.1985). *See also In re Smith*, 259 B.R. 901 (8th Cir. BAP 2001) (holding the debtor's fraudulent conduct constituted a default under the public housing authority lease, and the Code did not operate to cure debtor's contractual defaults or require the housing authority to continue its contractual relationship with the debtor).
[27] Doc. No. 20 at ¶ 17.

debtor is entitled to protection under § 525.[28] Indeed, the Court's acceptance of the Debtor's hardship argument as a basis for waiving the requirements in § 362(l) would render § 525(a) meaningless, insofar as every debtor who resides in public housing could file for Chapter 7 bankruptcy and eradicate any and all prepetition debt while continuing to occupy their units. This, in effect, would grant them a *head start* over other non-debtor tenants, instead of simply giving them the fresh start Congress intended.[29]

The Court sustains the Housing Authority's objection and grants relief from the automatic stay effective April 30, 2013. The Debtor has until that date, April 30, 2013, to cure all defaults existing under her lease with the Housing Authority. If she does not fully cure the defaults, the Housing Authority is free to complete the pending eviction action with no further interference from the automatic stay. An order consistent with this memorandum opinion shall be entered.

DONE AND ORDERED this 19th day of April, 2013.

*/s/ Karen S. Jennemann*
M.W.M.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

---

[28] *But see In re Weinraub,* 361 B.R. 586, 589 (Bankr. S.D. Fla. 2007) (holding the Court may "waive the requirements of § 362(*l*), because the power to re-impose the stay over § 362(b)(22) would be meaningless if the court could not also waive the requirements of § 362(*l*).").

[29] *Myers v. TooJay's Mgmt. Corp.,* 640 F.3d 1278, 1286 (11th Cir. 2011) (noting that Congress intended § 525 and the rest of the Bankruptcy Code to give debtors who go through bankruptcy a fresh start, not a free ride).